E-FILED
Tuesday, 21 July, 2026  12:53:47 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| COURTNEY SPRUILL MORTON, Independent Administrator of the Estate of CHRISTOPHER LANCE PERRY, Deceased,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MACK TRUCKS, INC., VOLVO GROUP NORTH AMERICA, LLC, LAURA M. PIETKIEWICZ, individually, and LAURA M. PIETKIEWICZ, as Special Representative for THE ESTATE OF JAKUB PIETKIEWICZ,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW Plaintiff, Courtney Spruill Morton, in her capacity as the duly appointed Independent Administrator of the Estate of Christopher Lance Perry, deceased, by and through her undersigned attorneys, and for her Complaint against Defendants Mack Trucks, Inc. Volvo Group North America, LLC, Laura M. Pietkiewicz, individually, and Laura M. Pietkiewicz as Special Representative for the Estate of Jakub Pietkiewicz, deceased, states as follows:

**PARTIES**

1.　　Plaintiff Courtney Spruill Morton has been duly appointed by the Probate Court of Harris County, Texas, as the Independent Administrator of the Estate of Christopher Lance Perry, deceased, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1, for the purpose of pursuing and resolving claims arising out of the August 1, 2024 motor vehicle crash described below. Plaintiff brings this action on behalf of all eligible persons for the wrongful death of

Christopher Lance Perry. She also brings claims for the pre-death personal injuries of Christopher L. Perry through his Estate.

2. Christopher Lance Perry (hereinafter "Decedent") died on August 1, 2024, as a result of injuries he sustained in a motor vehicle crash that occurred in Ford County, Illinois. At the time of his death, Decedent was 58 years of age and was a citizen of the State of Texas.

3. At the time of his death, Decedent was unmarried and was survived by the following five (5) next-of-kin, all of whom are his natural or adopted children, and on whose behalf this action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.:

   a. Courtney Spruill Morton, an adult, who at all relevant times has been and is a citizen of the State of Florida;

   b. Christopher Spruill, Jr., an adult, who at all relevant times has been and is a citizen of the State of Florida;

   c. Cameron Spruill, an adult, who at all relevant times has been and is a citizen of the State of Florida;

   d. Christal Hope Spruill, an adult, who at all relevant times has been and is a citizen and resident of the Commonwealth of The Bahamas; and

   e. Caleb Spruill, an adult, who at all relevant times has been and is a citizen of the State of Ohio.

4. Decedent had no other natural or adopted children, and no children who predeceased him.

5.      Defendant Mack Trucks, Inc. (hereinafter "Mack Trucks") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 7900 National Service Road, Greensboro, North Carolina 27409. Mack Trucks is therefore a citizen of Pennsylvania and North Carolina for diversity purposes. At all times relevant herein, Mack Trucks was engaged in the business of designing, testing, manufacturing, assembling, marketing, distributing, and selling heavy commercial trucks (including the heavy truck involved in the crash described below) throughout the United States, including in the State of Illinois.

6.      Defendant Volvo Group North America, LLC (hereinafter "Volvo Group North America") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 7900 National Service Road, Greensboro, North Carolina 27409. Upon information and belief, the sole member of Volvo Group North America, LLC is Volvo Holding Company LLC, whose ultimate parent and sole member is AB Volvo, a corporation organized under the laws of the Kingdom of Sweden with its principal place of business in Gothenburg, Sweden. Volvo Group North America is therefore a citizen of Sweden for diversity purposes. At all times relevant herein, Volvo Group North America was engaged, directly and/or through its wholly-owned subsidiary Mack Trucks, in the business of designing, testing, manufacturing, assembling, marketing, distributing, and selling heavy commercial trucks throughout the United States, including in the State of Illinois.

7.      Upon information and belief, at all times relevant herein, Mack Trucks, Inc. was and is a wholly-owned subsidiary of Volvo Group North America, LLC and/or AB Volvo, and Defendants jointly participated in the design, engineering, testing, manufacture, assembly,

marketing, and sale of the subject heavy truck (hereinafter sometimes referred to as "the Subject Truck").

8.      Defendant Laura M. Pietkiewicz is an individual who owned the 2014 Honda CR-V that collided with the Subject Truck driven by Christopher Perry.  She was at all relevant times a resident and citizen of the State of Illinois.

9.      Defendant Laura M. Pietkiewicz, as Special Representative for the Estate of Jakub Pietkiewicz, is the representative of the estate of the individual who drove the 2014 Honda CR-V that collided with the Subject Truck driven by Christopher Perry.  Jakub Pietkiewicz died in the vehicle collision which is the subject of this lawsuit.  Jakub Pietkiewicz was a resident and citizen of Illinois at all relevant times.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship between Plaintiff (whose citizenship for purposes of this action is deemed to be that of Decedent under 28 U.S.C. § 1332(c)(2)) and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11.      Personal jurisdiction over each corporate Defendant is proper in this Court because, at all times relevant herein, each Defendant transacted business in the State of Illinois, has authorized dealers who sell trucks in Illinois, conduct warranty and repair work in Illinois, derived substantial revenue from the sale of commercial trucks placed into the stream of commerce in the State of Illinois, and otherwise purposefully availed itself of the privilege of conducting activities

within the State of Illinois such that the exercise of personal jurisdiction over each Defendant comports with the requirements of due process and 735 ILCS 5/2-209.

12.     Personal jurisdiction exists over The Estate of Jakub Pietkiewicz because Jakub Pietkiewicz was operating his vehicle in State of Illinois at the time of the collision on August 1, 2024, and was a citizen of Illinois at all relevant times.

13.     Personal jurisdiction exists over Laura M. Pietkiewicz because her negligent acts occurred in Illinois, and she is a citizen of Illinois at all relevant times.

14.     Venue is proper in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim—including the August 1, 2024 motor vehicle crash and the death of Decedent—occurred in Ford County, Illinois, which lies within the Urbana Division of this District.

## FACTUAL ALLEGATIONS

15.     On or about August 1, 2024, Decedent Christopher Lance Perry was the driver of a commercial truck, a 2004 CX Series (VIN 1M1AE06Y84NO17835) (the "Subject Truck"), which had been designed, engineered, manufactured, assembled, marketed, distributed, and sold by Defendants Mack Trucks and Volvo Group North America, individually and/or jointly.

16.     Upon information and belief, the Subject Truck was a Mack-brand commercial truck manufactured by the Mack and Volvo Defendants and was in substantially the same condition at the time of the August 1, 2024 crash as it was when it left Defendants' control, except for ordinary wear and tear that did not contribute to the failures and defects described herein.

17.    On August 1, 2024, while Decedent was lawfully operating and/or occupying the Subject Truck on or near a public roadway in Ford County, Illinois, the Subject Truck was involved in a motor vehicle crash with the 2014 Honda CR-V driven by Defendant Jakub Pietkiewicz.

**COUNT ONE – WRONGFUL DEATH AGAINST LAURA M. PIETKIEWICZ, AS SPECIAL REPRESENTATIVE FOR THE ESTATE OF JAKUB PIETKIEWICZ**

18.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 17 above as if fully set forth herein.

19.    Defendant Jakub Pietkiewicz owed a duty to exercise reasonable care in the operation of his motor vehicle.

20.    On August 1, 2024, Jakub Pietkiewicz failed to exercise the required care, violated his duties, and negligently collided with the Subject Truck by crossing the center line, failing to properly yield, failing to keep a careful lookout, failing to stop, swerve or avoid a collision, and driving in the wrong direction in the wrong lane.

21.    All Defendants are jointly and severally liable for all or portions of Plaintiff's damages.

22.    As a further direct and proximate result of one or more of Jakub Pietkiewicz' negligent acts and/or omissions, Decedent's next-of-kin identified in Paragraph 3 above have suffered, and will continue in the future to suffer, immediate, permanent, and future harm and losses which are compensable under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, including but not limited to pecuniary loss, loss of society, companionship, instruction, moral training, support, and services, and the next-of-kin's grief, sorrow, and mental suffering, all in a sum substantially in excess of $75,000.00, exclusive of interest and costs.

23.    This action is brought by the duly appointed Independent Administrator of the Estate of Christopher Lance Perry, deceased, on behalf of and for the benefit of Decedent's next-of-kin, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

## COUNT TWO – WRONGFUL DEATH AGAINST DEFENDANT  LAURA M. PIETKIEWICZ

24.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 23 above as if fully set forth herein.

25.    Defendant Laura M. Pietkiewicz owed a duty to exercise reasonable care in the entrustment of who she allowed to operate her motor vehicle or in alternative the highest degree of care.

26.    Upon information and belief, the 2014 Honda CR-V operated by Jakub at the time of the collision was owned by, and registered to, Defendant Laura M. Pietkiewicz.

27.    On or about August 1, 2024, Laura M. Pietkiewicz failed to exercise the required care, violated her duties, and negligently entrusted the 2014 Honda CR-V to Jakub Pietkiewicz.

28.    To the extent Defendant is alleging a medical condition caused Jakub to collide with the Subject Truck, the existence of said medical condition and the claim that it played in any role in the collision on August 1, 2024 being denied and requiring strict proof thereof, Defendant Laura M. Pietkiewicz knew or should have known of the medical condition(s) and that it made Jakub an incompetent and/or dangerous driver.

29.    Despite knowing of the alleged medical condition, the existence of said medical and the claim it played any role in the collision on August 1, 2024 being denied and requiring strict proof thereof, Defendant Laura M. Pietkiewicz entrusted her 2014 Honda CR-V to Jakub.  These

claims in this Count are plead in the alternative to other counts, and Plaintiff denies that a medical condition played any role or provides any defense to Plaintiff's claims.  But, if any such medical condition(s) existed and played a role in the collision on August 1, 2024, Defendant Laura M. Pietkiewicz knew or should have known of it, and prevented Jakub from operating her Honda while suffering the alleged condition.  Her failure to do so was negligence and caused or contributed to cause the collision and Plaintiffs' damages.

30.     All Defendants are jointly and severally liable for all or portions of Plaintiff's damages.

31.     As a further direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant Laura M. Pietkiewicz, Decedent's next-of-kin identified in paragraph 3 above have suffered, and will continue in the future to suffer, immediate, permanent, and future harm and losses which are compensable under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, including but not limited to pecuniary loss, loss of society, companionship, instruction, moral training, support, and services, and the next-of-kin's grief, sorrow, and mental suffering, all in a sum substantially in excess of $75,000.00, exclusive of interest and costs.

32.     This action is brought by the duly appointed Independent Administrator of the Estate of Christopher Lance Perry, deceased, on behalf of and for the benefit of Decedent's next-of-kin, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

## COUNT III-WRONGFUL DEATH AGAINST DEFENDANTS MACK AND VOLVO

33.     Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 32 above as if fully set forth herein.

34.     At all times relevant herein, Defendants Mack Trucks, Inc. and Volvo Group North America, LLC, individually and jointly, owed a duty to Decedent and to other foreseeable occupants of their commercial trucks to exercise reasonable care in the design, engineering, testing, manufacture, assembly, inspection, marketing, distribution, sale, and post-sale surveillance of those trucks, so that the trucks would be reasonably safe and reasonably crashworthy for their intended and reasonably foreseeable uses, including foreseeable collisions, rollovers, and other crash events.

35.     The August 1, 2024 crash was a foreseeable type of accident for which Defendants knew, or in the exercise of reasonable care should have known, the Subject Truck would be required to provide reasonable occupant protection.

36.     Upon information and belief, the Subject Truck contained one or more defects in design, manufacture, and/or warning that caused or substantially contributed to enhanced injuries that Decedent sustained in the August 1, 2024 crash, which injuries proximately caused his death, including but not limited to:

a.  An occupant compartment, cab structure, and/or roof structure that lacked sufficient strength, integrity, and structural rigidity to maintain survivable space for the occupant during the foreseeable crash;

b.  A seat belt, restraint, and/or supplemental restraint system that failed to adequately restrain and protect the occupant during the foreseeable crash;

c.  A driver's seat and/or seat anchorage system that failed to remain properly positioned and secured during the foreseeable crash;

d. Door latches, hinges, and/or door retention components that failed to keep doors closed during the foreseeable crash, allowing partial or full ejection and/or compromised occupant protection;

h. Interior components, surfaces, and head-impact zones that failed to manage crash energy and protect the occupant from foreseeable contacts during the crash; and/or

i. An overall design that failed to incorporate feasible, technologically available, and economically practicable safer alternative designs known to Defendants and the heavy truck industry.

37. Defendants knew, or in the exercise of reasonable care should have known, of the foregoing defects, hazards, and risks, and of feasible safer alternative designs, prior to placing the Subject Truck into the stream of commerce.

38. Defendants Mack Trucks, Inc. and Volvo Group North America, LLC breached the foregoing duty of reasonable care by one or more of the following negligent acts and/or omissions:

a. Negligently and carelessly designed the Subject Truck so that it was not reasonably crashworthy and failed to provide reasonable occupant protection in foreseeable crashes;

b. Negligently and carelessly engineered, manufactured, and/or assembled the Subject Truck with one or more of the defects identified in paragraph 36 above;

c. Negligently and carelessly failed to incorporate feasible, technologically available, and economically practicable safer alternative designs—including adequate cab

and roof structures, restraint systems, , and energy-management systems—that were known to Defendants and the heavy truck industry;

d.   Negligently and carelessly failed to adequately and properly test the Subject Truck for crashworthiness under foreseeable real-world crash conditions before placing it into the stream of commerce;

e.   Negligently and carelessly failed to adequately and properly inspect the Subject Truck and its component systems before placing it into the stream of commerce;

f.   Negligently and carelessly placed the Subject Truck into the stream of commerce in a condition that Defendants knew, or in the exercise of reasonable care should have known, was not reasonably crashworthy;

g.   Negligently and carelessly failed to warn Decedent and other foreseeable users and occupants of the dangers and limitations of the Subject Truck's crashworthiness, despite Defendants' superior knowledge of those dangers;

h.   Were otherwise negligent and careless in the design, engineering, testing, manufacture, assembly, inspection, marketing, distribution, sale, and post-sale surveillance of the Subject Truck.

39.   The negligent acts and omissions stated in the preceding paragraph did not cause the initial collision but rather increased the severity of the injury and caused, jointly, the death of Christopher Lance Perry, which would not have occurred absent Defendant Mack and Volvo's negligence.  Christopher Perry was slowly asphyxiated by being trapped in the Subject Truck and died a horrible death, during which he was conscious for much of the time.

40.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants Mack Trucks, Inc. and Volvo Group North America, LLC, Decedent Christopher Lance Perry sustained enhanced injuries that proximately caused his death on August 1, 2024.

41.     Defendants are jointly and severally liable for all or portions of Plaintiff's damages.

42.     As a further direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, Decedent's next-of-kin identified in paragraph 3 above have suffered, and will continue in the future to suffer, immediate, permanent, and future harm and losses which are compensable under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, including but not limited to pecuniary loss, loss of society, companionship, instruction, moral training, support, and services, and the next-of-kin's grief, sorrow, and mental suffering, all in a sum substantially in excess of $75,000.00, exclusive of interest and costs.

43.     This action is brought by the duly appointed Independent Administrator of the Estate of Christopher Lance Perry, deceased, on behalf of and for the benefit of Decedent's next-of-kin, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

### **COUNT IV-SURVIVAL ACTIONS AGAINST ALL DEFENDANTS**

44.     Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 43 above as if fully set forth herein.

45.     Christopher Perry was slowly asphyxiated by being trapped in the Subject Truck and died a horrible death, during which he was conscious for much of the time.  He had conscious pain and suffering before his death.

46.     In addition to the wrongful death claims above, Plaintiff brings claims on behalf of the Estate of Christopher L. Perry as its Independent Administrator for his pre-death personal injury claim, including but not limited to his pre-death conscious pain and suffering against all Defendants.  The Estate incorporates the negligence claims above as if set forth herein in this Count as actions under the Illinois Survival Act, 755 ILCS 5/27-6.

**WHEREFORE**, Plaintiff Courtney Spruill Morton, as Independent Administrator of the Estate of Christopher Lance Perry, deceased, respectfully requests that this Court enter judgment in her favor for the wrongful death claims by the heirs and the personal injury claims of the Estate of Christopher L. Perry against all Defendants jointly and severally, in a sum substantially in excess of $75,000.00, together with prejudgment interest, costs of suit, and such other and further relief as this Court deems just and proper under the circumstances.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

BROWN & CROUPPEN, P.C.

By:    /s/ Joseph Hillebrand
       Joseph Hillebrand, ARDC #6211755
       4900 Daggett Avenue
       St. Louis, Missouri 63110
       Telephone: (314) 561-6320
       Facsimile: (314) 561-6320
       Email: joeh@getbc.com
       Email: Pipleadings@getbc.com
       Attorneys For Plaintiff