E-FILED
Monday, 27 July, 2026  03:13:41 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

COURTNEY SPRUILL MORTON,
Independent Administrator of the Estate
of Christopher Lance Perry,

    *Plaintiff,*

v.

MACK TRUCKS, INC.; VOLVO GROUP
NORTH AMERICA, LLC; and LAURA
M. PIETKIEWICZ,

    *Defendants.*

Case No. 2:26-cv-02228-JEH-RLH

## ORDER

This case arises from a head-on collision that resulted in two deaths on August 1, 2024. Christopher Perry was driving a commercial truck on Route 9 through Ford County, Illinois. A different driver—Jakub Pietkiewicz—was driving a Honda CR-V on the same road, traveling in the opposite direction. Jakub drifted across the centerline and collided into Perry's truck, killing both drivers.[1]

Courtney Morton is Perry's daughter and the administrator of his estate. She filed this negligence action in July 2026 against four defendants. Two of them—Mack Trucks, Inc. and Volvo North America—were responsible for the design, production, and sale of Perry's truck. The third, Laura M. Pietkiewicz, owned the Honda that Jakub was driving when he crossed the median and collided with Perry. Fourth and finally, the Complaint names Laura M. Pietkiewicz a second time, not individually

---

[1] The facts are taken from the Complaint and Plaintiff Courtney Morton's motion to appoint a special representative. They are assumed true for purposes of this Order only.

but as "Special Representative for the Estate of Jakub Pietkiewicz." (Doc. 1 at 1.) That is because Jakub's estate was closed before this action was filed. When she filed the Complaint, Morton asked the Court to appoint Laura Pietkiewicz to defend the case on Jakub's behalf. (Doc. 2.)

"The Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed." *Deleon-Reyes v. Guevara*, No. 18-cv-01028, 2019 WL 1200348, at *1 (N.D. Ill. Mar. 14, 2019).[2] Instead, Morton invokes an Illinois statute that empowers courts to "appoint a special representative for" a "deceased party for purposes of defending the action." 735 ILCS § 5/13-209(b)(2). But this Court's authority to apply that statute is unclear. Nor does the statute appear to fit neatly within the facts of this case.

To start, federal courts in Illinois have appointed representatives under § 209(b). *See, e.g.*, *Delon-Reyes*, 2019 WL 1200384, at *2–3; *Estate of Harris v. Zuley*, No. 23-cv-14220, 2024 WL 1739913, at *1 (N.D. Ill. Apr. 23, 2024); *Gibson v. City of Chicago*, No. 19-cv-4152, 2024 WL 4906149, at *1 (N.D. Ill. Aug. 7, 2024). But each of those cases were § 1983 actions. *See Delon-Reyes*, 2019 WL 1200384 (wrongful imprisonment); *Zuley*, 2024 WL 1739913 (same); *Gibson*, 2024 WL 4906149 (same). That matters because § 1983's neighboring provisions expressly allow federal courts to apply state law when necessary to "furnish suitable remedies and punish offenses

---

[2] Some courts have observed that Rule 17—which speaks to capacity to be sued—answers the question. *See, e.g.*, *Ezell v. City of Chicago*, No. 18-cv-1049, 2020 WL 535130, at *3 (N.D. Ill. Jan. 17, 2020). Maybe so. But that Rule simply directs courts to look at state law. And in Illinois, predictably, lawsuits "against an individual who is deceased at the time of the filing of suit are a nullity." *Volkmar v State Farm Mut. Auto. Ins. Co.*, 104 Ill. App. 3d 149, 151 (2001).

against the law." 42 U.S.C. § 1988(a). As the Seventh Circuit has explained, "district court[s] may appoint a 'special administrator' consistent with Illinois law," *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (2014), but only because § 1988 lets federal courts "borrow from state law as necessary to provide" a "complete remedy in § 1983 actions." *Id.* (citing *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995)). As far as this Court is aware, no analogous provision empowers it to apply Illinois procedural law to a negligence case like this one.

Even assuming the Court *could* apply § 206(b), Morton's request still rests on shaky ground. The statute establishes two ways to bring an action against a party who dies before the statute-of-limitations period has run, assuming "the cause of action survives and is not otherwise barred." 735 ILCS § 5/13-209(b)(1)–(2). The second is relevant here.[3] It allows courts to "appoint a special representative for the deceased party for purposes of defending [an] action" if "no petition has been filed for letters of office for the deceased's estate." *Id.* § 5/13-209(b)(2). Courts may do so "without opening an estate." *Id.* But the statute clarifies that any "recovery shall be limited to the proceeds of any liability insurance protecting the estate." *Id.* In other words, the plaintiff cannot recover directly from estate assets.

As Morton observes, at least one court has applied § 209(b)(2) to the circumstances presented here—that is, a decedent's estate was opened and closed

---

[3] The first avenue applies to suits filed after the statute of limitations has run, where the decedent has a "personal representative." *Id.* § 5/13-209(b)(1). Jakub has no personal representative because his estate has been closed. So if Morton's suit against him is to proceed, the Court must appoint a "special representative" under § 209(b)(2). *See Zuley*, 2024 WL 1739913, at *4 ("[W]hereas Section 209(b)(1) empowers a *plaintiff* to sue an estate via the decedent's *personal* representative, Section 209(b)(2) empowers a *court* to appoint a *special* representative in the absence of an estate.").

before the case was filed. *See Zuley*, 2024 WL 1739913, at *4. *Zuley* reasoned that § 209(b)(2) appears to be "the proper avenue for the appointment of a special representative when there is no open estate." *Id.* This was so, the court found, because its counterpart—§ 209(b)(1)—allows parties to sue a defendant's personal representative and thus "implicitly assumes the existence of an open estate." *Id.* That may be so. But § 209(b)(2) *also* assumes that an estate *will be opened in the future*. It expressly limits a plaintiff's recovery to "the proceeds of any liability insurance protecting the estate"—a limitation that would make little sense if the estate has been dissolved. Indeed, *Zuley* conceded that "the Illinois legislature may not have expressly accounted for the situation here when enacting Section 209." 2024 WL 1739913, at *4. It nonetheless found the appointment of a special representative "comport[ed] with that 'settled and invariable principle[] that every right, when withheld, must have a remedy, and every injury its proper redress.'" *Id.* (quoting *Marbury v. Madison*, 5 U.S. 137, 147 (1803)).

The Court's hesitation is reinforced by the practical difficulty in applying § 209(b) here. Imagine the Court appoints a special representative, the case proceeds to the merits, and Morton obtains a money judgment against Jakub Pietkiewicz. Who is the judgment against? How would it be satisfied? And who (or what) would be responsible for paying it? Surely not the special representative personally. If Jakub had—or was going to have—an open estate, this wouldn't be a problem: an estate is effectively a separate legal entity with its own assets and liabilities, so judgments can be enforced against estates just as they may be enforced against people. *See Jewish*

4

*Hosp. of St. Louis, Missouri v. Boatmen's Nat. Bank of Belleville*, 633 N.E.2d 1267, 1276 (Ill. App. Ct. 1994) ("The estate is only a fictional entity that is a conduit for paying the debts of the testator and passing the assets to the intended beneficiaries of the testator."). But without an estate, there is no person or entity to enforce a money judgment against.

A final point: "[U]nder Illinois law, personal injury actions survive the death of the party defendant, but *only if* not otherwise barred by an estate claim period." *Ezell*, 2020 WL 535130, at *4 (citing *Lindsey v. Special Adm'r of Estate of Phillips*, 579 N.E.2d 445, 447 (Ill. App. Ct. 1991)). And § 209(b) allows claims to proceed against deceased defendants only if "the cause of action survives and is not otherwise barred." It is possible, then, that the closure of Jakub's estate barred any claims that Morton may have against it.

## CONCLUSION

IT IS THEREFORE ORDERED that the Court's ruling on Plaintiff's Motion to Appoint a Special Representative, (Doc. 2), is hereby RESERVED. Plaintiff shall submit, no later than August 10, 2026, a supplemental brief addressing the issues identified above. The brief should be no more than 12 pages length and should

specifically address (1) this Court's authority to apply § 209(b) outside the civil-rights context; and (2) the applicability of § 209(b) to the facts here.

*So ordered.*

Entered this 27th day of July 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge